UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PENNY McPHAUL, LAWRENCE KELSO, and CAMERON WILSON, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 1:19-cv-1392 |
| INSIGHT MANAGEMENT PARTNERS, LLC, | )<br>)<br>)<br>) |
| Defendant. | ) |

**ORDER ON MOTION TO DEPOSIT FUNDS AND APPOINT A PROCESS SERVER
AND MOTION FOR DEFAULT JUDGMENT
(Docs. 31, 33)**

Plaintiffs Penny McPhaul, Lawrence Kelso, and Cameron Wilson sued Defendant Insight Management Partners, LLC ("Insight") in October 2019, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (Doc. 1.) Defendant filed an Answer to the Complaint. (Doc. 6.) In September 2021, Plaintiffs Cameron Wilson and Penny McPhaul accepted offers of judgment from Insight. (Docs. 20, 23.) The court granted Plaintiffs Wilson and McPhaul's motions for attorney fees. (Doc. 30.)

Plaintiff Lawrence Kelso has not accepted an offer of judgment and moved to compel discovery and initial disclosures. (Doc. 24.) On March 18, 2022, the court ordered Defendant to respond to Mr. Kelso's request for production within 30 days. (Doc. 32 at 4.) Defendant failed to respond.

Plaintiffs McPhaul and Wilson now move for appointment of a special process server to serve writs of execution and to permit financial institutions to deposit funds with the Clerk of the Court. (Doc. 31.) Plaintiff Kelso moves for entry of default judgment against Defendant for the

failure to timely produce discovery responses and materials. (Doc. 33.) Defendant has not filed an opposition to either motion.

## I. Motion for Default Judgment

Under Fed. R. Civ. P. 55, a district court may grant default judgment against a party that has failed to plead or otherwise defend a civil action. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). To obtain an order for default judgment, the moving party must first obtain an Entry of Default from the Clerk of the Court. Fed. R. Civ. P. 55(a); W.D.N.Y. L.R. 55(b)(2). Western District of New York Local Rule 55 imposes additional requirements upon the party moving for default judgment where the claim is not for a sum certain. To obtain an entry of default, the moving party must file the following documents with the court:

(1) Request for Clerk's Entry of Default;

(2) Affidavit (or Declaration) in Support of Request of Entry of Default;

(3) Proposed form for Clerk's Entry of Default; and

(4) A Certificate of Service indicating that these documents were served upon defendant.

W.D.N.Y. L.R. 55(a)(1)–(4). Second, "the moving party must seek a default judgment from the Clerk of the Court or the Court, depending on the circumstances, as set forth in Fed. R. Civ. P. 55(b)." *Bianco v. Seaway Indus. Servs., Inc.*, No. 03-CV-0084E(F), 2004 WL 912916, at *1 (W.D.N.Y. Apr. 1, 2004). Once the entry of default is docketed, the moving party must then file an application for the entry of default judgment which "shall reference and include the docket numbers of the Clerk's Entry of Default and the pleading to which no response has been made." W.D.N.Y. L.R. 55(b)(2).

Plaintiff Kelso has failed to comply with the local rules because he has not obtained the requisite entry of default. Although an entry of default was docketed on November 25, 2019

2

(Doc. 5), it was subsequently withdrawn (Doc. 7). Before the court will consider Mr. Kelso's motion for default judgment against Defendant, he must submit the required documents to obtain an entry of default from the Clerk of Court. Once the entry of default is final, Plaintiff is free to refile a motion for default judgment.

## II. Motion to Deposit Funds and Appoint a Process Server for Writs of Execution

Plaintiffs McPhaul and Wilson request permission to appoint a special process server to serve writs of execution upon KeyBank National Association. (Doc. 31.) Plaintiffs ask to retain WNY Process Service, LLC in the interests of efficiency and to "reduce the burden on the U.S. Marshals." (*Id.* at 4.)

### A. Motion to Appoint a Process Server

Rule 4.1[1] of the Federal Rules of Civil Procedure provides in relevant part: "Process—other than a summons under Rule 4 or a subpoena under Rule 45—must be served by a United States marshal or deputy marshal or by a person specially appointed for that purpose." Fed. R. Civ. P. 4.1(a). "'Process' under this provision includes writs of execution." *Schneider v. Nat'l R.R. Passenger Corp.*, 72 F.3d 17, 20 (2d Cir. 1995). "Rule 4.1(a) allows an individual other than a U.S. Marshal or deputy Marshal to serve a writ of execution if that individual is 'specially appointed.'" *Lation v. Fetner Props., Inc.*, No. 17-CV-3276 (JPO), 2019 WL 1614691, at *4 (S.D.N.Y. Apr. 16, 2019) (noting that Rule 4.1(a) does not preclude the use of a private process server to serve writs of execution).

---

[1] Plaintiffs cite Fed. R. Civ. P. 4(c), not 4.1. Rule 4(c) was redesignated as Rule 4.1 for purposes of clarity during the 1993 Amendment. *See* Fed. R. Civ. P. 4, Notes of Advisory Committee on Rules – 1993 Amendment. The court assumes Plaintiffs intended to cite Fed. R. Civ. P. 4.1, and references this rule throughout.

3

Accordingly, under Rule 4.1(a), the court will grant Plaintiffs' request to specially appoint WNY Process Service, LLC to serve the writs of execution because there is "no reason to deny" Plaintiffs' request. *Id.* at *4. However, Plaintiffs are cautioned that Plaintiffs will bear the cost of employing the private process server. *See Id.* (granting motion to appoint private process server to serve writ of execution, but assigning any costs for retaining private process server to Plaintiff).

### B.  Motion to Deposit Funds

Plaintiffs seek permission to allow the financial institution receiving the writ to deposit funds with the Clerk of the Court. (Doc. 31.) The funds Plaintiffs seeks permission to deposit with the Clerk of Court are the monetary judgments against Defendant in the amount of $555.00 as to Mr. Wilson and $1,001.00 as to Ms. McPhaul. (*Id.* at 1.)

Federal courts directing enforcement of a money judgment by writ of execution apply "the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). New York State law requires garnishees to deliver money judgments to the local sheriff, who takes possession of the property or debts and conveys the property or debts to the appropriate party. N.Y. C.P.L.R. §§ 6204, 6214(c). In the Western District of New York, private attorneys typically obtain a transcript (or abstract) of the order of judgment and file this order with the appropriate County Clerk's Office. Thereafter, the local sheriff serves a copy of the order upon the garnishee and takes possession of the property.

It appears Plaintiffs' counsel is the only attorney in the Western District of New York who has filed a motion to deposit funds and appoint a process server since 2018. Nevertheless, counsel's motions to deposit funds with the Clerk of Court and appoint a process server have been granted in the past. *See, e.g.,* Order Granting Motion to Deposit Funds and Appoint Process

Server, *Gill, et al. v. Am. Elite Recovery, LLC, et al.*, No. 1:19-CV-1058-CCR (W.D.N.Y. Sept. 2, 2021), ECF No. 35; Order Granting Motion to Deposit Funds and Appoint Process Server, *Carlson v. Pendleton Cap. Mgmt., Inc.*, No. 1:19-cv-1410-CCR (W.D.N.Y. Aug. 23, 2021), ECF No. 12; Order Granting Motion to Deposit Funds and Appoint Process Server, *Jones v. Foster & Monroe, LLC*, No. 1:21-mc-58-JLS (W.D.N.Y. Dec. 28, 2021), ECF No. 3; Order Granting Motion to Deposit Funds and Appoint Process Server, *Avery v. Client Resol. Mgmt., LLC*, No. 1:22-mc-9-JLS (W.D.N.Y. Apr. 20, 2022), ECF No. 4. Accordingly, the court will grant Plaintiffs' motion to deposit specially appoint a private process server and deposit the funds with the Clerk of Court.

## Conclusion

Plaintiff Lawrence Kelso's Motion for Default Judgment (Doc. 33) is DENIED without prejudice. Plaintiffs Penny McPhaul and Cameron Wilson's Motion to Deposit Funds and Appoint a Process Server for Writs of Execution (Doc. 31) is GRANTED.

Dated this 19th day of May, 2022.

Geoffrey W. Crawford, Judge
United States District Court

5